■ In the Matter of DAVID KUZMIER, Admitted as DAVID X. KUZMIER, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.— In a disciplinary proceeding against respondent, an attorney, charging him with professional misconduct, he has defaulted in answering the petition although his time to serve an answer had been extended. In view of his default, the respondent is disbarred and his name ordered to be struck from the roll of attorneys. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WARDELL ROSS, Appellant.— In a criminal action, the defendant appeals to this court from a judgment of the Criminal Court of the City of New York, Kings County, rendered October 25, 1962, convicting him and imposing sentence. The defendant also moves to dispense with printing and for assignment of counsel. The appeal was erroneously taken to this court. The Appellate Term of the Supreme Court in the Second Judicial Department is presently vested with the jurisdiction of appeals from the Criminal Court of the City of New York, Kings County. The appeal and the motion are, therefore, transferred to said Appellate Term of the Supreme Court (see N. Y. Const., art. VI, § 5, subd. b; § 8, subd. d; Second Dept., Order No. 47, July 12, 1962). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ SUCCESS CHEMICAL COMPANY, INC., Appellant, v. HARRY BARNETT & ED H. BOWERS, Doing Business as SUNTAG DRUGS, Respondent.— Appeal by plaintiff from an order of the County Court, Rockland County, entered January 23, 1963, which granted defendant Barnett's motion to examine plaintiff before trial. The appeal was erroneously taken to this court. The Appellate Term of the Supreme Court in the Second Judicial Department is presently vested with the jurisdiction of appeals from the County Court, Rockland County. This appeal is, therefore, transferred to said Appellate Term of the Supreme Court (see N. Y. Const., art. VI, § 5, subd. b; § 8, subd. d; Second Dept., Order No. 47, July 12, 1962). Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.

■ IRVING OSPOVAT et al., Respondents, v. KENNEDY PARK HOMES, INC., Appellant. EMIL G. MAIER et al., Respondents, v. KENNEDY PARK HOMES, INC., Appellant. JAMES VENNARD et al., Respondents, v. KENNEDY PARK HOMES, INC., Appellant. LOUIS J. MEDICO et al., Respondents, v. KENNEDY PARK HOMES, INC., Appellant.— In the four above-entitled actions, the defendant appeals to this court from orders of the County Court, Rockland County, denying its motions for a nonjury trial; the order in the first action having been entered November 26, 1962, and the order in the other three actions having been entered December 24, 1962. The appeals were erroneously taken to this court. The Appellate Term of the Supreme Court in the Second Judicial Department is presently vested with the jurisdiction of appeals from the County Court, Rockland County. These appeals are, therefore, transferred to said Appellate Term of the Supreme Court (see N. Y. Const., art. VI, § 5, subd. b; § 8, subd. d; Second Dept., Order No. 47, July 12, 1962). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.